# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| SIENNA BIOPHARMACEUTICALS, INC., | Case No. 19-12051 (MFW) |
| Debtor.[1] | |
| JEOFFREY L. BURTCH, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Sienna Biopharmaceuticals, Inc., | |
| Plaintiff, | |
| v. | Adv. Pro. No. |
| PAY GOVERNANCE LLC, | |
| Defendant. | |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550

Plaintiff, Jeoffrey L. Burtch, not individually, but solely in his capacity as Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Sienna Biopharmaceuticals, Inc. (the "Debtor"), by and through his undersigned attorneys, files this complaint (the "Complaint") against Pay Governance LLC (the "Defendant"), and in support thereof hereby alleges as follows:

## NATURE OF THE ACTION

1. The Trustee seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of Defendant by the Debtor during

---

[1] The last four digits of the Debtor's federal tax identification number are 4627. The Debtor's mailing address is 30699 Russell Ranch Road, Suite 140, Westlake Village, California 91362.

the ninety (90) day period prior to the filing of the Debtor's bankruptcy petition, pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. The statutory and legal predicates for the relief sought herein are Sections 547, 550 and 704(a) of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders and judgments related to matters arising herein.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor's above-captioned bankruptcy case (the "<u>Bankruptcy Case</u>") is pending in the District of Delaware.

6. This Court has personal jurisdiction over Defendant pursuant to Bankruptcy Rule 7004(f) because Defendant conducted business in the United States, directed activities toward the Debtor in the United States, and/or the transfer at issue occurred in the United States.

7. Defendant is subject to nationwide service of process by first-class mail, postage prepaid pursuant to Bankruptcy Rules 7004(b) and (d).

8. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Trustee states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

9. On September 16, 2019 (the "Petition Date"), the Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

10. On December 18, 2019, the Bankruptcy Case was converted to a case under chapter 7 of the Bankruptcy Code.

11. Jeoffrey L. Burtch was appointed as interim trustee on or about December 18, 2019, pursuant to Section 701 of the Bankruptcy Code. The Trustee now serves as trustee pursuant to Section 702(d).

## THE PARTIES

12. Prior to the Petition Date, the Debtor was a clinical-stage biopharmaceutical and medical device company engaged in drug and medical device development, with a focus on skin therapies.

13. Pursuant to Sections 502, 547, 550 and 704 of the Bankruptcy Code, the Trustee is authorized and has standing to commence, prosecute, and compromise the claims against Defendant herein.

14. Upon information and belief, Defendant was, at all relevant times, a vendor to or creditor of the Debtor, that provided goods and services to the Debtor. Prior to the Petition Date, the Debtor entered into certain agreements, as reflected in invoices, communications and documents with Defendant pursuant to which Defendant was obligated to provide and deliver certain goods and/or services to the Debtor. The Debtor and Defendant conducted business with one another during the 90 days prior to the Petition Date.

15. Upon further information and belief, Defendant may be served at the following address: c/o TRAC - The Registered Agent Company, Registered Agent, 236 E. 6th Avenue, Tallahassee, Florida 32303.

## FACTUAL BACKGROUND

16. During the ninety (90) day period prior to the Petition Date (the "Preference Period"), Defendant received transfers from the Debtor (the "Transfers") in an aggregate amount of not less than $32,462.50.  A detailed list of the Transfers is attached hereto as **Exhibit A**.

17. By letter dated April 22, 2021, the Trustee demanded that Defendant return the Transfers (the "Demand Letter"). The Demand Letter was intended to open lines of communication between the Trustee and Defendant for the purposes of exchanging information and determining whether Defendant had potential affirmative defenses to avoidance of the Transfers.

18. While the Trustee is in possession of the raw data contained in the Debtor's books and records, he does not have access to any of the Debtor's former employees to assist him in investigating and assessing Defendant's potential affirmative defenses to avoidance of the Transfers.

19. To date, the Defendant has not paid or surrendered to the Trustee the value of the Transfers.  Nor has Defendant provided information that the Trustee believes is sufficient to establish a complete defense to avoidance of the Transfers.

20. During the course of this proceeding, the Trustee may learn of additional transfers made to Defendant during the Preference Period.  It is the Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant or any other transferee.  The Trustee reserves his right to amend this original Complaint

to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

21. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22. Pursuant to Section 547(b) of the Bankruptcy Code, a trustee, based on reasonable due diligence in the circumstances of the Bankruptcy Case and taking into account a party's known or reasonably knowable Section 547(c) affirmative defenses, may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

23. After reasonable diligence under the circumstances of this Bankruptcy Case, including with respect to potential defenses under Section 547(c) of the Bankruptcy Code, The Trustee believes that the Transfers are avoidable.

24. During the Preference Period, the Debtor made the Transfers to Defendant on the date, and in the amount, listed on Exhibit A, for a total sum of at least $32,462.50 to Defendant.

25. The Transfers were made to or for the benefit of Defendant, a creditor of the Debtor at the time each of the Transfers was made.

26. The Transfers were for or on account of antecedent debts owed by the Debtor to Defendant before such transfers were made.

27. Upon information and belief, the Defendant had no collateral, security interest or lien to secure payment for the products delivered or services rendered to the Debtor or on behalf of the Debtor.

28. The Debtor is presumed to have been insolvent at the time of the Transfers pursuant to Section 547(f) of the Bankruptcy Code.

29. At the time that each of the Transfers was made, the sum of the Debtor's debts exceeded the sum of its property at a fair valuation.

30. Each of the Transfers was made during the ninety (90) day period prior to the Petition Date.

31. The Transfers enabled Defendant to receive more in satisfaction of its claim against the Debtor than it would have received in a case under chapter 7 of the Bankruptcy Code had the payment not been made.

32. By reason of the foregoing, the Trustee is entitled to an order and judgment under Section 547 of the Bankruptcy Code avoiding the Transfers.

### COUNT II – RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550(a)

33. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

35. The Trustee is entitled to recover from Defendant the value of the Transfers pursuant to Section 550(a) of the Bankruptcy Code, to the extent the Transfers are avoided pursuant to Section 547 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment against Defendant granting the following relief:

A. On Counts I and II of the Complaint, judgment in favor of the Trustee and against Defendant, avoiding the Transfers and directing Defendant to return to the Trustee the amount of the Transfers, pursuant to Sections 547(b) and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees; and

B. Granting the Trustee such other and further relief as this Court may deem just and equitable.

Dated: September 15, 2021

COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 295-2000
mfelger@cozen.com
gfischer@cozen.com

*Counsel for Jeoffrey L. Burtch, Chapter 7 Trustee for the Estate of Sienna Biopharmaceuticals, Inc.*

LEGAL\54241021\1